Frederick Gotha, Esq. [SBN 40480]
fgtpropat@sbcglobal.net
301 E. Colorado Blvd., Suite 800
Pasadena, CA 91101
Telephone No: 626.796.1849

Michael E. Friedman, Esq. [SBN 70895]
mefriedman91@sbcglobal.net
301 E. Colorado Blvd., Suite 800
Pasadena, CA 91101
Telephone No: 626.795.1839

Niria M. Arvizu, Esq., [SBN 236994]
niriamail@yahoo.com
6201 ¼ Saylin Lane
Los Angeles, CA 90042
Telephone No.: 310.948.4283

Attorneys for Plaintiff,
Haro Bicycle Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARO BICYCLE CORPORATION, a corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICAN FLYER BICYCLE COMPANY, a corporation, and Does 1-20 inclusive,<br>    Defendants. | Case No.: SACV11-00499 CJC (MLGx)<br><br>ORDER ON STIPULATION FOR PROTECTIVE ORDER |

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

1. As used herein, the term "confidential material" shall refer to any answer, document, article or thing or any portion or portions thereof which contain information that is a trade secret or other confidential commercial information as such terms are used in the Federal Rules of Civil Procedure 26(c)(7). All materials identified as "confidential" shall be used only for purposes of this lawsuit.

2. If any answer given or document, article or thing produced in response to discovery is believed to contain confidential material, the responding party may mark or designate such answer, document, article or thing (hereinafter, sometimes "item") "confidential" and any item so marked or designated shall thereafter be handled in accordance with paragraphs 3 to 11 hereof. The designation of any answer, document, article or thing as "confidential" shall constitute a representation that counsel, in good faith, believes that the item so designated contains confidential materials as that term is defined in paragraph 1 above.

3. Any party may designate any item as "confidential" by placing on or affixing to such item, in a manner that will not interfere with the legibility thereof, a notice identifying the item as confidential.

4. The producing party shall retain the original of any items marked "confidential". Counsel for the other party shall, however, have the right to examine the original, and the copy or specimen furnished by the producing party shall have the same force and effect as the original thereof, subject to correction if error be shown. Unless otherwise expressly indicated, the title of a "confidential" item, or the absence of a title, the date and identity of the writer and recipient of such document

as well as any materials which incorporate, in whole or in part, any of such designated confidential items, shall be deemed "confidential".

5. Subject to paragraphs 7, 8 and 9 hereof, "confidential" items shall be disclosed only to outside counsel in this case (hereinafter sometimes "counsel") and to "persons assisting those attorneys" as defined herein. All disclosures shall be in conformity with the terms of paragraph 6 hereof. As used herein, "persons assisting those attorneys" shall mean clerks, paralegals and secretaries in the regular employ of those outside counsel, and experts and consultants who are not otherwise in the employ of the parties and have need to know said confidential material to assist the outside counsel in this case. Further, if any such expert or consultant is involved in any business related to that of the party producing the confidential material, the party proposing to disclose confidential material to the expert shall, prior to disclosing the confidential material, submit a statement to counsel for the opposing party(s) identifying the expert or consultants and describing the relevant employment of such expert or consultant. Unless counsel for the opposing party(s) shall notify counsel of its objection, including the grounds for the objection, to any expert or consultant proposed within ten (10) days after service (via facsimile or overnight delivery) of the statement referred to above, counsel may disclose confidential materials to such person. In the event a party objects to an expert or consultant as provided in this paragraph and the parties are unable to meet and confer and resolve the objection within fifteen (15) days after service of the objection referred to above, the party proposing the expert or consultant shall have the right by noticed motion, to challenge the objection and thereby have the Court determine whether such expert or consultant may have access to confidential material and the proposed expert or consultant shall not receive confidential material until such time as the Court so determines.

6. Outside counsel, before disclosing "confidential" material to persons assisting outside counsel as defined in paragraph 5 above, shall first give a copy of this Protective Order to such persons and receive from such persons their acknowledgment in writing, in the form attached hereto as Exhibit "A", that they have read this Protective Order and are fully familiar with the provisions hereof and agree to abide thereby and to make disclosures of such "confidential" material only to persons specified in paragraph 5 who have seen the Protective Order and executed an acknowledgment in writing.

7. In the event that any "confidential" item or items are included with any paper filed with the Court, such items shall be filed with instruction to the Clerk of the Court that, except as otherwise provided by the Court, they are to be sealed pursuant to this Protective Order and are not to be disclosed to any person other than the Court and outside counsel for the parties to this action.

8. In the event that any testimony or item embodying "confidential" material is given or used in depositions, the reporter shall be instructed that, pursuant to this Protective Order, the deposition and "confidential" deposition exhibits, if retained by the reporter, shall be retained under seal, and if filed in Court, shall be filed under seal with instructions to the Clerk of the Court set forth in paragraph 7 hereof, and the reporter shall be further instructed not to furnish copies of any such material or disclose its contents to any persons other than counsel of record in this action.

9. If outside counsel wishes to disclose any "confidential" material produced by the other party to witnesses and potential witnesses other than persons identified in paragraph 5 hereof, outside counsel may do so only with prior written consent of the other party under terms and conditions agreed to by the parties. If at a hearing in connection with any motion or other proceeding or at trial, a party intends to

offer into evidence any "confidential" material produced by the other party, that party shall so inform the other party a reasonable time in advance so that the other party may take such steps as it deems reasonably necessary to preserve the confidentiality of such material.

10. With respect to any item or portion thereof which has been designated as "confidential", either party may at any time serve notice of nonacquiescence in such designation, and in the event that the parties are unable to meet and confer and resolve the dispute within fifteen (15) days after service of the notice referred to above, may thereafter move for an order vacating or modifying the provision in paragraphs 2 through 9 hereof as to such items or portion thereof. If no such motion is served, the item or portion thereof in question shall continue to be entitled to the protection provided in paragraphs 2 through 9. If either party should so move, the item or portion thereof in question shall continue to be classified as "confidential" until the motion is ruled upon by the Court and, if denied, as long as the Order denying the motion remains in effect.

11. Upon final termination of this action, including any appeals, at the request of the producing party, the other party shall return or destroy all "confidential" materials produced in this action, including all copies, abstracts or summaries thereof, or documents containing information taken therefrom, but excluding any materials which in the judgment of counsel for the other party are work-product materials of said counsel. Upon express approval of the Court, after final termination of this action, said counsel will take such steps as the producing party may reasonably request to insure the continued protection of information contained in work-product materials.

12. The Stipulation and Order shall not preclude any party from applying to the Court for relief from any provision hereof, or from asserting that certain Confidential

Materials should receive different, greater, or lesser confidentiality protection than provided herein.  This Stipulation and Order shall not be construed to limit the right of any party to a protective order pursuant to Federal Rule of Civil Procedure 26(c), or to assert any additional right or privilege to withhold the production of any documents or testimony.  It is acknowledged that any party may claim work product privilege, attorney/client privilege, or other applicable privilege for certain documents requested by discovery demands or produced in response thereto.

13. This Stipulation and Order shall become effective as a stipulation among the parties immediately upon its execution by counsel for all parties, notwithstanding the pendency of approval by the Court.  If approval by the Court is ultimately withheld or made conditional, no party shall treat any Confidential Materials produced prior to that time other than as provided in this Stipulation and Order without giving the producing party sufficient notice to allow for application to the Court for additional relief.

14. The attorneys of record are responsible for employing reasonable measures to control, consistent with this Stipulation and Order, duplication of, access to, and distribution of copies of stamped confidential documents.  Parties shall not duplicate any stamped confidential documents except working copies and for filing with the Court under seal.

15. Nothing herein shall prevent any party, on notice to the other party, from applying to the Court for a modification of this Stipulation and Order.

**SO STIPULATED:**

Dated: _____                  _____
                                         Jonathan Barry Sexton
                                         Attorney for Defendant,
                                         American Flyer Bicycle Corporation


Dated: _____                  _____
                                         Niria M. Arvizu, Esq.


                                         Frederick Gotha, Esq.
                                         Michael Friedman, Esq.
                                         Niria M. Arvizu, Esq.
                                         Attorneys for Plaintiff,
                                         Haro Bicycle Corporation


**APPROVED AND SO ORDERED:**

Dated: July 18, 2011                    _____
                                         MARC L. GOLDMAN
                                         United States Magistrate Judge

### 3. **EXHIBIT "A"**

### (1) DECLARATION OF ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

3. 1.

_____

(Statement of Employment)

a. 2. I have read the Stipulated Protective Order filed June _____, 2011, as entered into by the parties in connection with <u>Haro Bicycle Corporation v. American Flyer Bicycle Corporation,</u> United States District Court for the Central District of California, Case No. SACV11-00499 CJC MLGx. I fully understand and agree to the restrictions on my use of the documents, records, and other materials described in that Stipulated Protective Order and the information contained therein.

b. 3. I understand that unauthorized disclosure of confidential information constitutes contempt of court and may subject me to sanctions and damages.

4. 4. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**4. EXECUTED ON** _____ _____
                                                    Signature

                                                   _____
                                                   Typewritten or Printed Name